UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAYMOND MAZZEI,

                Plaintiff,

        -against-

BARBARA JACKSON,

                Defendant.
-----------------------------------------------------------x

**ORDER**

22-CV-00146 (PMH)

PHILIP M. HALPERN, United States District Judge:

## Background

      Raymond Mazzei ("Plaintiff") initiated this diversity action by filing a Complaint on January 6, 2022. (Doc. 1). Plaintiff sought a Summons as to Barbara Jackson ("Defendant") on January 24, 2022, and that Summons was issued on January 25, 2022. (Doc. 6; Doc. 7). On June 6, 2022, over four months after the Summons was issued, the Court issued an Order to Show Cause directing the Plaintiff to either (i) file to the docket proof of service, or (ii) show good cause in writing for his failure to comply with Fed. R. Civ. P. 4(m). (Doc. 8). On June 28, 2022, Plaintiff filed a letter in response to the Court's Order to Show Cause, requesting additional time to locate Defendant and effectuate service. (Doc. 9). On June 29, 2022, the Court extended the time to serve Defendant to September 27, 2022 and held that "[n]o further extensions will be granted." (Doc. 10). Plaintiff has not filed a proof of service indicating that Defendant has been served.

## Legal Standard

      Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a defendant "within 120 days after the complaint is filed." The Rule provides, however, that "if the plaintiff shows good cause for the failure [to timely serve a defendant], the court must extend the time for service for an appropriate period." In the absence of good cause, the court may either "dismiss

the action without prejudice" or, in its discretion, "order that service be made within a specified time." Fed.R.Civ.P. 4(m).

## Discussion

The Court's June 6, 2022 Order to Show Cause provided the notice required under Rule 4(m) and the law of this Circuit. *See, e.g., Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) ("notice to the plaintiff must be given prior to a *sua sponte* dismissal"). Despite the Court extending the time for Plaintiff to effect service on Defendant by nearly three additional months, Plaintiff has failed to file a proof of service indicating that Defendant has been served. Dismissal is therefore appropriate. *See, e.g., Dicks v. Chow*, 382 F. App'x 28, 30 (2d Cir. 2010) (affirming *sua sponte* dismissal of *pro se* complaint under Rule 4(m) after notice); *Alsaidi v. City of New York*, 2013 WL 4052880, at *3 (E.D.N.Y. Aug. 12, 2013) (dismissing complaint where "[p]laintiff failed to serve the Individual Officers even after he was granted an extension, *sua sponte*, by the presiding Magistrate Judge"); *Rios v. RedBubble, Inc.*, No. 18-CV-2260, 2018 WL 4538907 (S.D.N.Y. Sept. 21, 2018) (adopting magistrate judge's recommendation to dismiss pursuant to Rule 4(m) where plaintiff failed to effect timely service even after he was granted an extension)); *Fiore v. Pinto*, 2010 WL 4642474, at *1 (S.D.N.Y. Nov. 16, 2010) (adopting magistrate judge's recommendation to dismiss pursuant to Rule 4(m) where plaintiff failed to effect timely service or respond to court's order to show cause).

## Conclusion

For the foregoing reasons, this action will be dismissed without prejudice for Plaintiff's failure to effect timely service. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: White Plains, New York
       November 3, 2022

_____
Philip M. Halpern
United States District Judge